**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DANNY TRUONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THAI AROMA, INC., AROMA ON** | ) |
| **NORTH AVENUE, INC. d/b/a THAI** | ) |
| **AROMA, and TIM TRIMAS** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Danny Truong, by and through his attorneys, Becerra Law Group, LLC, for his

Complaint against Thai Aroma, Inc., Aroma on North Avenue, Inc., and Tim Trimas,

individually (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois

Wage Payment and Collection Act ("IWPCA"), and for Defendants' failure to pay Plaintiff the

state mandated minimum wage and overtime wages at a rate of one and one half times his

regular rate of pay and taking unlawful deductions from Plaintiff's pay.

2.      Plaintiff also brings this action under Internal Revenue Code, 26 U.S.C. § 7434 on

account of Defendants' willful filing of fraudulent information returns with respect to wages paid

to Plaintiffs.

1

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

§1331, arising under 29 U.S.C. § 216(b) and 26 U.S.C. § 7434. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5.     Plaintiff Danny Truong resides and is domiciled in this judicial district.

6.     Plaintiff Danny Truong is a former employee of Defendants. He performed a

variety of non-exempt tasks for Defendants, including but not limited to, making food deliveries.

7.     During the course of his employment, Plaintiff Danny Truong handled goods that

moved in interstate commerce and performed non-exempt work.

8.      Defendants Thai Aroma, Inc. and Aroma on North Avenue, Inc. are Illinois

corporations doing business within this judicial district. Defendants are an "enterprise" as

defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and  are engaged in commerce or

in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. §

203(s)(1)(A).

9.     Defendants Thai Aroma, Inc. and Aroma on North Avenue, Inc. operate as a

unified operation and a common enterprise with a common business purpose.

10.     Defendants Thai Aroma, Inc. and Aroma on North Avenue, Inc. were Plaintiff's

"employer(s)" as that term is defined by the FLSA, 29 U.S.C. 2013(d), the IMWL, 820 ILCS

105/3.

11.     Defendant Tim Trimas is the President of Thai Aroma, Inc. and Aroma on North

2

Avenue, Inc.

12.     Defendant Tim Trimas is involved in the day-to-day business operations of Thai Aroma, Inc. and Aroma on North Avenue, Inc.  Among other things, Defendant Tim Trimas has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

13.     Defendant Tim Trimas was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL 820 ILCS 105/3.

14.     Upon information and belief, Defendant Tim Trimas resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

15.     Defendants operate two Thai restaurants in Chicago, Illinois.

16.     The restaurants share employees and food.

17.     The restaurants also jointly advertise on their websites and share similar menus.

18.     Plaintiff Danny Truong worked for Defendants in the five years prior to the filing of this lawsuit.

19.     Defendants charge a delivery fee to their clients for food delivery.

20.     Plaintiff was a delivery driver for Defendants.

21.     Defendants did not reimburse Plaintiff for gas, insurance, automobile expenses and other travel related expenses while he worked for Defendants making food deliveries.

22.     The Defendants failure to reimburse Plaintiff for expenses incurred on Defendants' behalf resulted in Plaintiff being paid less than both the Federal and Illinois minimum wage and were unauthorized deductions in violation of the Illinois Wage Payment and

3

Collection Act.

23.     The travel expenses which were incurred by Plaintiff in delivering Defendants'
food were incurred for the benefit of the Defendants.  The requirement that Plaintiff pay his
travel expenses constituted a kick-back to the Defendants such that the hourly wages which were
paid to the Plaintiff were not paid free and clear of all outstanding obligations to his employer.

24.     In addition, the delivery charge reduced the amount customers were willing to tip
Plaintiff because many clients believed they had already paid a tip by paying the delivery charge.

25.     In addition, Defendants failed to pay Plaintiff at a rate of one and one-half times
his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in
violation of the FLSA and the IMWL.

26.     In 2012, Defendants reported Plaintiff's earned wages on an IRS Forms 1099-
MISC as nonemployee compensation.

27.     Plaintiff's wages should not have been listed on 1099-MISC forms because he
was Defendants' employee.

28.     For the year 2012 the Defendants claim that Plaintiff earned $9,000 in non-
employee compensation.

29.     This report was false and fraudulent.  In 2012, Plaintiff Danny Truong did not
earn any nonemployee compensation from Defendants and the $9,000 earned were wages.

30.     Defendants willfully filed fraudulent 1099-MISC report with the IRS  in 2012
claiming that Plaintiff earned nonemployee compensation.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 30 of this Complaint, as if fully
set forth herein.

31.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff.

32.     Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

33.     Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

35.     Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

36.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

37.     Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

38.     Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or each Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing theraction; and

D.     Such other and further relief as therCourt deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

40.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

41.     At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

42.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

43.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

44.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

45.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

46.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs incurred in filing theraction; and

D.    Such other and further relief as therCourt deems appropriate and just.

## COUNT III
## Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

47.    This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff state-mandated minimum wages for all time he worked.

48.    During the course of his employment with Defendants, Plaintiff was not compensated at the Illinois minimum wage rate.

49.    Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

50.    Defendants failed to pay the Illinois minimum wage for all time worked.

51.    Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

52.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.    Prejudgment interest on the back wages in accordance with 815 ILCS

205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Wage Payment and Collection Act

Plaintiff hereby realleges and incorporates paragraphs 1 through 52 of this Complaint, as if fully set forth herein.

53.     This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff at the rate agreed by the parties.

54.     During the course of his employment with Defendants, Plaintiff was not fully compensated for all time worked in certain work weeks because of Defendants required Plaintiff to pay for gas, insurance, automobile expenses and other travel expenses and after June 2014 was not paid a portion of the delivery charge.

55.     Plaintiff was entitled to be paid for all time worked at the rate agreed by the parties.

56.     Defendants failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

57.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants, as follows:

A.     A judgment in the amount of all unpaid wages and delivery charges due, as provided by the IWPCA;

8

B.   Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and damages as set forth in 820 ILCS 115/14;

C.   Liquidated damages in the amount of all unpaid wages in accordance with 820 ILCS 175/95(a)(1);

D.   An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

E.   Reasonable attorneys' fees and costs incurred in filing this action; and

F.   Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of Internal Revenue Code - Fraudulent Filing of Information Returns**

Plaintiff hereby realleges and incorporates paragraphs 1 through 57 of this Complaint, as if fully set forth herein.

58.   This count arises from Defendants' violation of the Internal Revenue Code, 26 U.S.C. § 7434, for Defendants' fraudulent filing of MISC-1099 forms listing nonemployee compensation for Plaintiffs.

59.   26 U.S.C. § 7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

60.   As described above, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff as nonemployee compensation. These information returns falsely stated that nonemployee compensation was paid to employees when, in fact, these amounts were for overtime wages paid at Plaintiffs' regular rate of pay.

61.   As a result, Plaintiffs suffered increased tax liability.

62.   Plaintiff is entitled to recover damages of the greater of: (a) $5,000 per fraudulent information return filed or the actual economic damages sustained as proximate result of the

filing of the fraudulent information return.

      WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

      A.      A judgment in an amount equal to the greater of $5,000 for each fraudulent information return filed by Defendants, or the sum of actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information returns;

      B.      The costs of bringing this action;

      C.      Reasonable attorneys' fees and costs incurred in filing this action; and

      D.      Such other and further relief as this Court deems appropriate and just.

      Respectfully submitted,

Dated:  October 3, 2016      **DANNY TRUONG**

      By: _/s/Carlos G. Becerra
      One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com