IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY TRUONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-9446 |
| | ) | |
| THAI AROMA, INC., AROMA ON | ) | Hon. Amy J. St. Eve |
| NORTH AVENUE, INC. d/b/a THAI | ) | |
| AROMA, and TIM TRIMAS | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff, by and through his undersigned counsel, respectfully moves this Court for an order enforcing the settlement agreement entered into by the parties by entering a judgment in the amount $2,484.90. In support of his Motion to Enforce Settlement Agreement, Plaintiff states as follows:

1. On October 3, 2016, Plaintiff Danny Truong filed his Complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA"), and Internal Revenue Code, 26 U.S.C. § 7434.

2. On January 25, 2017, the parties, via counsel, entered into a settlement agreement. The parties reduced the agreement to writing and specifically negotiated that payment would be made over 16 months.

3. Based on the parties' settlement agreement, on January 31, 2017 this Court entered an order dismissing the case without prejudice. *See*, Dkt. No. 11.

1

4. The settlement agreement called for Defendants to make monthly payments to Plaintiff for wages, penalties, and attorneys' fees from February 15, 2017 until May 15, 2018. (Submitted herewith for *in camera* review is the Settlement Agreement entered into by the parties.)

5. The Defendants failed to make the final settlement payment of $800.00 as called for in the Settlement Agreement.

6. On May 16, 2018, Plaintiff's counsel sent via electronic mail and First Class Mail a Notice of Default, stating in part, "I have not received the sixteenth and final installment payment due under the Settlement Agreement entered into by the parties in *Truong v. Thai Aroma, Inc., et al.* 1:16-cv-9446." *See*, Exhibit 1 correspondence from C. Becerra to E. Hardiman and Tim Trimas dated May 16, 2018.

7. Paragraph 1 of the Settlement Agreement provides that:

The parties have specifically negotiated payment of the Settlement Agreement over a period of time. In the event that there is any default of the obligation to make a payment, Employee may sue or file a motion to enforce the settlement agreement. Employer agrees to pay Employee's reasonable attorneys' fees and costs in recovering any such unpaid amounts. Prior to bringing such suit or filing motion, Employee must first afford a reasonable opportunity to cure the default through the following procedures: if Employee believes a default has occurred through non-payment of any individual payment of the Consideration, Employee must give written notice to Eugene Hardiman, Law Offices of Eugene Hardiman via electronic mail at eugene.hardiman@gmail.com to Eugene Hardiman, 77 W. Washington, Suite 600, Chicago, IL 60602. Employer shall have seven (7) calendar days from the date payment was due to cure by making payment in accordance with the terms of this Settlement Agreement.

10. A district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it. *See, Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). Settlement agreements are contracts, and their construction and enforcement are thus governed by basic contract principles. *Gutta v. Standard Select Trust Insurance Plans,* 530 F.3d 614, 617 (7th Cir. 2008); *Wilson* at 666.

11. In determining whether the parties reached an enforceable agreement, the Court applies state contract law – in this case, that of Illinois. *Dillard v. Starcon International, Inc.,* 483 F.3d 502, 507 (7th Cir. 2007); *Pohlv. United Airlines, Inc.,* 213 F.3d 336, 338 (7th Cir. 2000) ("Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local contract law.").

12. In Illinois, ordinary contract construction rules apply to a settlement agreement. *Id*. For a contract to be enforceable in Illinois, "the essential terms of the contract must be definite and certain," and the contract "must include a meeting of the minds or mutual assent to the terms of the contract." *Quinlan v. Stouffe*, 823 N.E.2d 597, 603 (2005).

13. Here, the parties reduced their agreement to writing and all parties signed onto the settlement agreement. Therefore, the interpretation of the agreement is governed by the parties' objective expressions as written. *See, Hampton v. Ford Motor Co.* 561 F. 3d 709, 714 (7th Cir. 2009).

14. Defendants failed to make the last payment due on May 15, 2018 as agreed to by the parties. Plaintiff complied with the terms of the settlement agreement by providing written notification to Defendants and their counsel on May 16, 2018. Plaintiff has provided Defendants ample opportunity to remedy the breach of the settlement agreement and despite Plaintiff's good faith efforts Defendants have still not made payment.

15. According to the unambiguous terms of the settlement agreement, Plaintiff is entitled to a judgment in the amount of $2,484.90. The balance due under the settlement agreement is $800.00 which is the amount of the final payment due under the agreement. In addition, the agreement requires the payment of reasonable attorneys' fees and costs in recovering unpaid amounts. Plaintiff's counsel spent 3.7 hours in recovering the amount owed

and Plaintiff had costs of $13.40 in postage and $6.50 in copies. *See*, Exhibit 2 Declaration of Carlos G. Becerra in Support of Plaintiff's Motion to Enforce Settlement Agreement ¶ 6 ("The total amount in attorneys' fees and costs for enforcement of the settlement agreement is $1,665.00 for 3.7 hours of attorney time and $19.90 in costs which consists of the postage and copies.").

WHEREFORE, Plaintiff respectfully requests that this Court order the payment of $2,484.90 as required under the settlement agreement entered into by the parties.

Dated: May 25, 2018               Respectfully submitted,

                                  s/ Carlos G. Becerra_____
                                  *One of Plaintiff's Attorneys*


CARLOS G. BECERRA
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, IL 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com


**CERTIFICATE OF FILING AND SERVICE**

I, Carlos G. Becerra, do hereby certify that a true and correct copy of Plaintiff's Motion to Enforce Settlement Agreement was electronically filed using this Court's CM/ECF system on this 25th day of May, 2018.

In addition, a true and correct copy of Plaintiff's Motion to Enforce Settlement Agreement was sent via Priority Mail, postage prepaid, addressed to the following and via electronic mail:

Tim Trimas
c/o Thai Aroma, Inc
417 W. North Ave.

Chicago, IL 60610
pinkytrimas@gmail.com

Eugene Hardiman
77 W. Washington St., Suite 600
Chicago, IL 60602
eugene.hardiman@gmail.com

                                                          /s Carlos G. Becerra
                                                           Carlos G. Becerra